## Case No. 691.

AZURIA v. INSURANCE CO. OF PENNSYLVANIA.

[3 Wash. C. C. 177.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1812.

ADMIRALTY PRACTICE — EVIDENCE FROM RECORD OF FOREIGN COURT TO CONTRADICT WITNESS.

The invoice, stated, in the record of the condemnation of the vessel insured, to have been found on board, at the time of capture, and the answers of the mate, to the standing interrogatories, were admitted in evidence, on the part of the defendants.

Action on a policy on goods on board the Mercer, at and from Philadelphia to Teneriffe. The vessel and cargo were captured, carried into Halifax, and condemned as enemies' property. The record of the sentence of condemnation, was read by the plaintiffs' counsel. The defendants' counsel moved to read—1. The order of the court directing further proof. 2. The invoice stated in the record, as one of the papers found on board at the time of the capture, and particularly referred to by the captain and part owner, in his answers to the standing interrogatories; a copy of which interrogatories, with the answers, was proved by the depositions of witnesses taken in this cause, and by the answers of the mate to the standing interrogatories, in order to contradict his deposition referred to. This was objected to by the plaintiffs' counsel; but the court thought the evidence offered came within the rule laid down in the case of Marshal v. Union Ins. Co., [Case No. 9,135,] and admitted it to be read. The invoice, offered to be read, being the one referred to in the depositions of two of the witnesses, taken in this cause, is made part of them; and there can be no doubt of the propriety of reading the answers of the mate, to the standing interrogatories, for the purpose of discrediting him.

*NOTE, [from original report.] It was stated by Mr. Dallas, on the part of the plaintiffs, that no objection was made to the reading of the interlocutory order, directing further proof.

[1] [Published from the MSS. of the Hon. Bushrod Washington, Associate Justice of the United States, under the supervision of Richard Peters. Jr., Esq.]

# B.

BAACK, (MANUFACTURERS' NAT. BANK v.) See Case No. 9,052.

BABBAGE, (STRATTON v.) See Case No. 13,527.